UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-59-B-W |
| | ) | |
| KELLY-JEAN BURK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

On May 9, 2005, this Court sentenced the Defendant Kelly-Jean Burk to eight months imprisonment for bank fraud. The Defendant has moved for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1)(B) on the ground that this Court erred by failing to depart downward under U.S.S.G. § 5H1.6 and by failing to impose a sentence consistent with the sentencing factors set forth in 18 U.S.C. § 3553. Because this case does not present a "substantial question of law or fact" likely to result in her sentence being reduced or a sentence that does not include a term of imprisonment, this Court denies the Defendant's motion for stay.

**I. THE CASE**

The Defendant pleaded guilty on April 7, 2004 to bank fraud, a violation of 18 U.S.C. § 1344. At the sentencing hearing on April 28, 2005, the Defendant argued she was entitled to a downward departure under U.S.S.G. § 5H1.6, Family Ties and Responsibilities, because she is an essential caregiver to her four year old son Delmer Burk, Jr., who suffers from an extreme form of autism. Ms. Burk presented evidence through medical records and expert testimony that her son has an unusually severe case of autism and that she has assumed a central role in his care and treatment. Nevertheless, this Court denied the Defendant's request for a downward departure under § 5H1.6. In doing so, this Court also rejected the Defendant's argument that a

sentence within the Guideline range would violate the statutory factors set forth in 18 U.S.C. § 3553.

## II.  THE STANDARD

The legal standards for evaluating a motion for stay of sentence pending appeal appear in 18 U.S.C. § 3143(b):

> (1) . . . (T)he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal…be detained, unless the judicial officer finds—
> ……….
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> ………
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than… the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title…. [1]

The Defendant has the burden to satisfy these statutory elements. *See Morison v. United States,* 486 U.S. 1306, 1306-07 (1988); *United States v. Colon Berrios,* 791 F.2d 211, 215 (1st Cir. 1986). In *United States v. Bayko,* 774 F.2d 516, 522 (1st Cir. 1985), the First Circuit addressed two requirements: (1) that the appeal must raise a substantial question of law or fact; and, (2) that, if error is found, it not be harmless.

In *Bayko,* the First Circuit adopted the Eleventh Circuit's view that the language, "substantial question of law or fact", refers to "a 'close' question or one that very well could be decided the other way." *Id.* at 523 (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir. 1985)).  Regarding harmless error, *Bayko* was addressing the language in § 3143(b)(1)(B)(i)

---

[1] 18 U.S.C. § 3143(b)(1)(A) also requires the court find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.  The Government does not contend that the Defendant is either likely to flee or that she poses a danger to the safety of others and this Court will therefore address only the question of whether the appeal poses a substantial question of law or fact under § 3143(b)(1)(B).  Section 3143(b)(1)(B)(i)-(ii) further provides that if the substantial question of law or fact is likely to result in reversal or an order for new trial,  the court may order a stay of sentence pending appeal, but neither is applicable to this case.

that would require a district judge to conclude his own error would likely result in reversal. *Bayko* pointed out that literal language of § 3143(b)(1)(B) would present a classic "Catch 22," since if the court had concluded it was likely making the wrong decision, it would have made the right one. *See Bayko*, 774 F.2d at 521-23. *Bayko* concluded the second factor, "likely to result in a reversal or order for new trial" is "a requirement that the claimed error not be harmless or unprejudicial." *Id*. at 523; *United States v. Colon Munoz,* 292 F.3d 18, 20 (1st Cir. 1986). The same standard applies to claimed errors that would result in no imprisonment at all or a reduced term of imprisonment less than the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B)(iii),(iv).

### III.  DISCUSSION

The Defendant's initial motion failed to articulate a potential basis for appeal. She stated she needs "more time in training and working with Delmer Burk, Sr. to enable a smoother transition for Delmer Burk, Jr. during his mother's absence…." *Def.'s Request for Stay Pending Appeal* at 1. She also pointed out if a stay were not granted, she would likely complete her incarceration before her appeal is resolved. *Id.* Neither reason states an independent basis for a stay under § 3143(B)(1)(b), since neither point addresses a claim of legal or factual error. Regarding the first point, the Court addressed the need to transition Delmer Burk, Jr.'s care from his mother to his father (or other care provider) by allowing her until May 31, 2005 to self report. Regarding the second point, if a defendant is proceeding under § 3143(b)(1)(B)(iv), demonstrating that her incarceration may be served before the resolution of her appeal is a necessary, but not sufficient ground for granting a stay pending appeal. Although subsections (iii) and (iv) of § 3143(b)(1)(B) require the court to determine that, if the appeal is successful, either no imprisonment will be imposed or the defendant is likely to serve her term of

imprisonment before resolution of the issues on appeal, the statute also requires the court to assess whether the appeal raises a "substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B).

After the Government objected, the Defendant pointed to two potential sentencing errors: 1) the Court's denial of the motion for downward departure under U.S.S.G. § 5H1.6; and, 2) its alleged failure to impose a sentence consistent with the statutory directives of 18 U.S.C. § 3553. It is true the Defendant presented evidence that could have justified a downward departure. *See United States v. Roselli,* 366 F.3d 58 (1st Cir. 2004); *United States v. Sclamo,* 997 F.2d 970 (1st Cir. 1993). Nevertheless, a § 5H1.6 downward departure is to be granted only in exceptional circumstances, *see* 28 U.S.C. § 994(e)("…the guidelines shall reflect the general inappropriateness of considering… family ties and responsibilities…."); U.S.S.G. § 5H1.6 ("not ordinarily relevant"); *United States v. Thompson,* 234 F.3d 74, 77 n.4 (1st Cir. 2000)("family ties and responsibilities…are discouraged factors.").

This Court concluded the Defendant failed to establish her case was "exceptional." *United States v. Louis,* 300 F.3d 78, 81-82 (1st Cir. 2002); *United States v. Pereira,* 272 F.3d 76, 80 (1st Cir. 2001). The seriousness of her crime, her prior pattern of fraudulent activity, her failure to cooperate fully with the presentence investigation, the availability of feasible caretaking alternatives, including the child's father, the need to deter future fraudulent conduct by the Defendant, and the need to punish her for her crime, all militated against granting the Defendant's motion.[2] *Pereira,* 272 F.3d at 83 (A departure on family circumstances will rarely be appropriate when "there are feasible alternatives of care that are relatively comparable to what the defendant provides."). A sentencing court's exercise of discretion in refusing to depart

---

[2] This Court concluded that incarceration of eight months, which fell at the low end of the Guideline range of eight to fourteen months, properly balanced the needs of the Defendant's child against these other significant factors.

downward is generally unreviewable. *United States v. Rodriguez-Marrero,* 390 F.3d 1, 32 (1st Cir. 2004), *cert. denied,* __U.S.__, 125 S. Ct. 1620 (2005). This Court also concluded that a sentence within the Guideline range satisfied the statutory criteria in 18 U.S.C. § 3553. This Court concludes the Defendant has failed to raise a close question of law or fact that very well could be decided the other way as required under 18 U.S.C. § 3143(b) and a stay of sentence pending appeal is, therefore, not justified.

## IV. CONCLUSION

The Defendant Kelly-Jean Burk's Motion for Stay Pending Appeal is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated at Bangor, Maine this 26th day of May, 2005